IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00544-PAB

NANCY P. ASSAD TRUST, GEORGE ASSAD, TRUSTEE, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

BERRY PETROLEUM COMPANY,
LINN ENERGY, LLC,
LINNCO, LLC,
LINN ACQUISITION COMPANY, LLC,
BACCHUS HOLDCO, INC.,
BACCHUS MERGER SUB, INC.,
MARTIN H. YOUNG, JR.,
ROBERT F. HEINEMANN,
RALPH B. BUSCH III,
WILLIAM E. BUSH, JR.,
STEPHEN L. CROPPER,
J. HERBERT GAUL, JR.,
STEPHEN J. HADDEN,
THOMAS J. JAMIESON,
J. FRANK KELLER, and
MICHAEL S. REDDIN,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's Response to Order to Show Cause [Docket No. 7] and Plaintiff's Motion for Leave to Take Jurisdictional Discovery [Docket No. 8].

**I. BACKGROUND**

Plaintiff Nancy P. Assad, George Assad Trustee, brought this action for breach

of fiduciary duties on March 1, 2013, alleging that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Docket No. 1 at 8, ¶ 16.  On March 7, 2013, the Court issued an order to show cause [Docket No. 6] why this case should not be dismissed for lack of subject matter jurisdiction.  The order was based on plaintiff's failure to sufficiently plead its own citizenship, as well as the citizenship of the individual defendants and defendants Linn Energy, LLC; LinnCo, LLC; and LinnCo Acquisition Company, LLC.  The Court explained that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors,* No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing cases).  As plaintiff has not alleged the citizenship of the defendant LLCs' members, the complaint does not, on its face, establish the Court's jurisdiction.

Plaintiff responds that the defendant LLCs are incorporated in Delaware and, as permitted by the law of that state, *see* 6 Del. Code Ann. § 18-305, all three entities have chosen to keep their members' identities confidential.  Docket No. 7 at 4-5, ¶¶ 10-11.  Thus, plaintiff cannot, at present, plead their citizenship with any greater specificity than it has already done.  Docket No. 7 at 4, ¶ 9 ("As Delaware LLCs are permitted to keep the identities of their members confidential, . . . Plaintiff alleges the only public information available concerning the citizenship of Linn Energy, LinnCo and Linn Acquisition: that each was formed under the laws of Delaware and are headquartered in Houston, Texas.").  To obtain the information required to make a prima facie showing of jurisdiction, plaintiff requests that the Court permit it to conduct jurisdictional discovery. Docket No. 8.  Plaintiff also asks that the Court order the defendant LLCs to respond to

plaintiff's discovery requests within thirty days.  Docket No. 8 at 6-7.

## II.  ANALYSIS

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)); *see also Kokkonen v. Guardian Life ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("it is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction").  The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  When subject matter jurisdiction is challenged, its proponent "must prove citizenship by a preponderance of the evidence."  *Wallace v. HealthOne*, 79 F. Supp. 2d 1230, 1232 (D. Colo. 2000) (citing *Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940)).

Plaintiff does not dispute that the face of the complaint fails to show a basis for federal jurisdiction.  Docket No. 8 at 5-6 ("Through the narrowly tailored discovery described herein, Plaintiff will gain the information necessary to properly allege the citizenship of the LLC members").  Instead, plaintiff cites several cases for the proposition that the "refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant and that [p]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  *Breakthrough Mgmt. Gp.,*

*Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (internal citations omitted) (denial of plaintiff's motion to conduct jurisdictional discovery prior to ruling on 12(b)(1) motion based on tribal sovereign immunity was not an abuse of discretion because plaintiff failed to show prejudice); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (district court abused discretion in granting 12(b)(1) motion based on failure to exhaust administrative remedies without permitting jurisdictional discovery); *Health Grades, Inc. v. Decatur Mem. Hosp.*, 190 F. App'x 586, 588 (10th Cir. 2006) ("When, as in this case, a district court grants a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."); *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) (district court did not abuse its discretion in granting motion to dismiss for lack of personal jurisdiction before plaintiff received answers to its discovery requests); *C&A Int'l, LLC v. S. Bay Distrib.*, 2013 WL 550439, at *2 (N.D. Okla. Feb. 12, 2013) (permitting jurisdictional discovery on relationship between defendant entities prior to ruling on motion to dismiss for lack of personal jurisdiction); *InfoNow Corp. v. Zyme Solutions, Inc.*, No. 12-cv-03255-MSK-MEH, 2013 WL 173421 (D. Colo. Jan 16, 2003) (permitting jurisdictional discovery prior to ruling on motion to dismiss for lack of personal jurisdiction).

      The cases plaintiff cites do not support a right to discovery regarding an LLC's members. First, these cases do not concern diversity jurisdiction, which is a threshold issue for the court. In its absence, a court lacks the constitutional power to adjudicate a

case that does not arise under federal law.  *Radil*, 384 F.3d at 1225 ("District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress.").  While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (internal citations omitted) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal").

Second, although plaintiff claims that a refusal to grant discovery is an abuse of discretion if the denial results in prejudice to a party, plaintiff does not argue that denying jurisdictional discovery will prejudice it.  *See generally*, Docket No. 8 at 4-6.  For instance, there is no indication that dismissing this case will prejudice plaintiff by depriving it of a forum in which to asserts its claims.  Instead, plaintiff states that "discovery is appropriate to resolve the Court's concerns regarding diversity jurisdiction" and promises that any discovery will be narrowly tailored to the issue at hand.  Docket No. 8 at 5-6.

As there is no evidence of prejudice here, the Court declines plaintiff's request for jurisdictional discovery.  Granting such a request would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *See Radil*, 384 F.3d at 1224; *see*

*also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court [on the basis of diversity jurisdiction], the court would deny such a request.  In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so.").

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Leave to Take Jurisdictional Discovery [Docket No. 8] is DENIED.  It is further

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED March 20, 2013.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge